PER CURIAM.
 

 The Department of Children and Families (DCF) appeals the trial court’s award of fees in favor of S.E., the mother, pursuant to section 57.105, Florida Statutes (2006), following the involuntary dismissal of a dependency action. We reverse the award of fees in its entirety, finding that DCF’s verified petition for dependency was always supported by the material facts necessary to establish a claim for dependency. As to the award of costs under section 57.041, we affirm without further discussion.
 

 S.E. and her husband have two children, J.E. and E.E., born in 2000 and 2003, respectively. Both children have received significant medical treatment from birth. The family moved from California to Florida in November 2005 because S.E.’s husband got a new job. Shortly thereafter, DCF received two anonymous child abuse reports on its hotline and investigated S.E. and her two children. On February 22, 2006, DCF filed a verified petition for dependency based primarily on medical opinions and recommendations from the Child Protection Team (CPT)
 
 [1]
 
 and its experts, Dr. Wright and Dr. Schulman. The petition alleged that S.E. suffered from Mun-
 
 *903
 
 chausen Syndrome by Proxy, a phenomenon where a person deliberately makes another person, most often his or her own child, sick or convinces others that the person is sick. DCF’s petition focused mainly on E.E., the younger child, noting that once S.E. became pregnant with E.E., J.E.’s medical condition improved.
 

 On April 3, 2006, S.E. filed a sworn motion to dismiss as to each child, asserting the insufficiency of DCF’s claims and attaching extensive documentation of the children’s medical history, as well as affidavits from the children’s physicians rebutting the allegation of Munchausen Syndrome by Proxy. On April 14, 2006, S.E. served a section 57.105 motion for attorney’s fees on DCF. More than twenty-one days later, DCF still had not withdrawn its dependency petition, so on May 10, 2006, S.E. filed her section 57.105 motion. On May 12, 2006, the trial court denied S.E.’s motions to dismiss.
 

 Trial had been scheduled for July, and immediately prior to its commencement, Dr. Alexander, Statewide Medical Director, Child Protection Teams, explained in a letter that, upon review of the records, he did not find sufficient evidence that E.E. was the victim of Munchausen Syndrome by Proxy. Consequently, DCF sought to amend its petition, dropping the Munchausen Syndrome by Proxy claim. However, Dr. Alexander, along with Dr. Wright and Dr. Schulman, continued to express concern over the children’s welfare with the mother, believing that she still posed a threat of harm. Thus, the proposed amended petition contained an allegation that the children were dependent because they remained at risk of physical injury due to the mother. The trial court permitted the amendment, but then granted S.E.’s renewed motion to dismiss, finding that DCF’s amended petition failed to specifically set forth the acts or omissions upon which the petition was based. The trial court reserved ruling on S.E.’s section 57.105 motion.
 

 The hearing on S.E.’s entitlement to fees lasted three days, culminating in the trial court’s order, finding that, based on the evidence presented, DCF knew or should have known that, at the time of filing, its verified petition for dependency was not supported by the material facts necessary to establish a claim for dependency. As a result, the trial court awarded S.E. fees pursuant to section 57.105.
 

 This court reviews a trial court’s award of section 57.105 fees for an abuse of discretion. The statute provides in pertinent part:
 

 (1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
 

 (a) Was not supported by the material facts necessary to establish the claim or defense; or
 

 (b) Would not be supported by the application of then-existing law to those material facts.
 

 Although the trial court granted S.E.’s motions to dismiss, we find the trial court abused its discretion in finding that, at the time of filing, DCF knew or should have known its petition for dependency lacked support. We also note that DCF’s petition did not subsequently become frivolous during the pendency of the action.
 
 See Weatherby Assocs., Inc. v. Ballade,
 
 783 So.2d 1138, 1142 (Fla. 4th DCA 2001) (holding that section 57.105 fees are recoverable from the point at which the suit becomes frivolous).
 

 
 *904
 
 Pursuant to section 39.01(14)(f), Florida Statutes (2006), a child can be found dependent if he or she is “at substantial risk of imminent abuse, abandonment, or neglect.” In its initial and amended petitions for dependency, DCF relied on the opinions of CPT’s medical professionals. Because the CPT doctors remained convinced throughout the pendency of this litigation that a risk of imminent abuse, abandonment, or neglect existed, despite the withdrawal of the Munchausen Syndrome by Proxy allegations, we find that DCF’s petition for dependency was always supported by the necessary material facts to overcome an award of section 57.105 fees.
 
 See generally Murphy v. WISU Props., Ltd.,
 
 895 So.2d 1088, 1094 (Fla. 3d DCA 2004) (holding that mere dismissal of a suit does not necessarily justify a section 57.105 attorney’s fee award).
 

 We reverse the trial court’s award of section 57.105 fees in its entirety. We affirm the award of costs.
 

 Reversed and remanded.
 

 STEVENSON, HAZOURI and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 39.303, Fla. Stat. (2006) (“The Children's Medical Services Program in the Department of Health shall develop, maintain, and coordinate the services of one or more multidisciplinary child protection teams in each of the service districts of the Department of Children and Family Services.”).